## Gus Danzeiser, Appellee, v. Robert D. Clarke, Appellant.

### Gen. No. 6,105.  (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the April term, 1915. Reversed with finding of facts. Opinion filed October 20, 1915.

### Statement of the Case.

Action by Gus Danzeiser, plaintiff, against Robert D. Clarke, defendant. Plaintiff had judgment by default for $200 before a justice of the peace. On appeal by defendant to the Circuit Court, plaintiff had verdict and judgment for $150, from which defendant appeals.

The evidence showed that plaintiff obtained a patent on a railroad switch frog and thereafter made a written contract with defendant, signed by both parties, constituting defendant his attorney in fact to assign, sell and deliver said patent to an Illinois corporation. The rest of the contract is mainly as follows: "In consideration of the confidence reposed in me and in consideration of the advance in money which I hereby bind myself to make, and for that which I have already made, I agree with said Gus Danzeiser to at once furnish all the necessary capital to construct, deliver and install, in different parts of the United States, at least thirty (30) of said devices and to furnish the necessary expenses to said Gus Danzeiser to supervise and direct the installation of the same, and if a demonstration and test of the said thirty devices so made and installed show the practicability of such device then and in that event I will organize a corporation with sufficient capital to manufacture and sell and dispose of said devices in such quantities as the market therefor might demand.

"In the organization of such corporation I bind myself that the stock thereof shall be fully paid up, and

that said Gus Danzeiser shall receive forty-five (45%) per cent. of same, the remaining fifty-five (55%) per cent. thereof to belong to myself and the said John H. Carroll, or our several assigns.

"I further bind myself as aforesaid to said Gus Danzeiser to have such corporation enter into a contract with him by the terms of which he shall receive all necessary expenses for himself in the supervising and directing the manufacture and installation of said devices, and as an additional compensation shall receive from said corporation annually, a sum equal to ten (10%) per cent. of the net profits of said corporation after organized."

It appeared that the said thirty devices were manufactured in Milwaukee and shipped to Peoria. Defendant paid plaintiff $20 for his expenses to go to Milwaukee and superintend their construction and see that they were properly made. The evidence also showed that by the time the freight had been paid and the devices delivered in Peoria, defendant had expended about $600 thereon. Thereafter plaintiff made trips to various cities, and incurred various expenses for railroad fare, hotel bills, cigars and other matters, and ran up a bill of $235.90, and deducting therefrom the $20 he had received from defendant for a trip to Milwaukee to see that the devices were properly manufactured, his remaining expenses amounted to $215.90. He claimed that under the written contract above set out, defendant was liable to refund him that expense.

Plaintiff did not know how many days he spent in any of those places, what hotels he stopped at, what rates per day he paid nor any other item.

Quinn & Quinn and Heyl & McGrath, for appellant; C. O. O'Hern and John Dougherty, of counsel.

Charles S. Stubbles, for appellee; E. J. Slough, of counsel.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

CONTRACTS, § 387*—*when evidence insufficient to support judgment for plaintiff.* The evidence in an action on a contract examined and *held* insufficient to show defendant liable.

---

## Anna Weltz, Appellee, v. John R. Connell, Appellant.

### Gen. No. 6,110.  (Not to be reported in full.)

Appeal from the Circuit Court of Carroll county; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Anna Weltz, plaintiff, against John R. Connell, defendant.

The facts in this case are stated in *Weltz v. Connell,* 186 Ill. App. 336. That opinion, reversing and remanding the cause, was based upon the refusal of the court to give instruction No. 17, requested by appellant, which would have told the jury that, before the plaintiff could recover, she must prove by a preponderance of the evidence that misrepresentations relative to the land in question were made by the defendant, that such misrepresentations were false and known by the defendant to be false when made, that the plaintiff was deceived thereby, and that she had been injured because of them. This instruction was given upon the second trial, which also resulted in a verdict for the plaintiff below, followed by a judgment, from which the defendant below has taken this appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.